IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| James J. Hundley,<br>Petitioner, | )<br>)<br>) |
| v. | ) 1:11cv374 (LMB/TCB) |
| Bryan Watson,<br>Respondent. | )<br>)<br>) |

MEMORANDUM OPINION AND ORDER

James J. Hundley, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of multiple sexual offenses in the Circuit Court of Chesterfield County, Virginia. On June 14, 2011, respondent filed a Motion to Dismiss the petition as time-barred. Hundley was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply.[1] For the reasons that follow, respondent's Motion will be granted, and the petition will be dismissed as time-barred.

I.

Petitioner initially was indicted on three counts of aggravated sexual battery, as a second or subsequent offense, in violation of Va. Code §§18.2-67.3 and 18.2-67.5:2; three counts of custodial indecent liberties, as a second or subsequent offense, in violation of Va. Code §§ 18.2-370.1 and 18.2-67.5:2; two counts of forcible sodomy, in violation of Va. Code § 18.2-67.1; two counts of object sexual penetration, in violation of Va. Code § 18.2-67.2; and one count of feloniously failing to appear, in violation of Va. Code § 19.2-128. Pet., Ex. 1. By plea agreement dated November 6,

---

[1]Two replies to the Motion to Dismiss appear on the docket. Examination reveals that they appear to be duplicates, save that one is handwritten and the other is typed.

2008, the Commonwealth agreed to amend two of the aggravated sexual battery offenses by removing the accusation that the offenses were Hundley's second or subsequent violations of the statute, and to move for the *nolle prosequi* of the remaining charges. Id. Hundley then entered pleas of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) to the two amended charges of aggravated sexual battery. Id. On November 17, 2008, Hundley was sentenced in accordance with the terms of the plea agreement to twenty years imprisonment with sixteen years suspended for each offense, for a total active sentence of eight years incarceration. Resp. Ex. 1. Hundley took no direct appeal of his conviction or sentence.

On January 26, 2010, Hundley filed a Motion to Correct Errors and a Petition for Writ of Error *Coram Nobis* in the trial court.[2] Resp. Ex. 2. Both were denied by Order entered February 5, 2010. Resp. Ex. 3. Hundley petitioned the Supreme Court of Virginia for review of that decision, but the appeal was refused on November 1, 2010. Hundley v. Commonwealth, R. No. 101329 (Va. Nov. 1, 2010); Resp. Ex. 4. Hundley filed the instant federal petition for § 2254 relief on April 5, 2011. Pet. at 15.

## II.

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[2]A pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

In this case, Hundley was convicted and sentenced on November 17, 2008. Because he took no direct appeal, the conviction became final thirty days later, on December 17, 2008. United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 (4th Cir. Mar. 5, 1998) at *2 ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction."); United States v. Campbell, 980 F.2d 245, 251 (4th Cir. 1992) (same). Therefore, Hundley's limitations clock began to run on that date.

In calculating the one-year limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Under other circumstances, the Petition for Writ of Error *Coram Nobis* Hundley filed would have acted to toll the limitations period. See Wall v. Kholi, 562 U.S. __, 131 S.Ct. 1278, 1284 (2011) (observing that *coram nobis* is a means of "collateral attack" to which 28 U.S.C. § 2244(d)(2) consequently applies). Here, however, petitioner did not commence his *coram nobis* proceeding until January 26, 2010. Since by then over a year had elapsed since petitioner's conviction had become final, the federal statute of limitations had expired, so the pendency of that state collateral proceeding could not toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ( "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") ; Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is

3

expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

In his reply to the respondent's invocation of the limitations defense, Hundley argues that his federal petition was timely because it was filed within one year after the Supreme Court of Virginia refused his appeal of the denial of his writ of error *coram nobis*. Pet. Reply, Dkt. 9 at 2. In this, Hundley is simply mistaken. The plain language of § 2244(d)(1) provides in relevant part that the one-year limitations period begins to run when "the judgment [of conviction] becomes final," rather than when any state collateral proceedings are concluded. Thus, federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period. Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003).

Petitioner's suggestion that a Virginia collateral proceeding should be viewed as part of the direct appeal process is simply inaccurate, as such a proceeding by definition amounts to collateral review. The term "collateral review" denotes a proceeding separate and distinct from that in which the original judgment was rendered, in which the petitioner or movant challenges the lawfulness of the original judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). Black's Law Dictionary (7th ed., 1999) defines collateral attack as "[a]n attack on a judgment entered in a different proceeding." Since § 2244(d)(2) provides that the limitations period is tolled during the pendency of properly-filed state collateral proceedings, it is apparent that the drafters of the statute recognized the distinction between direct appeal and collateral review, and intended the two to

impact differently on the timeliness of a federal habeas corpus proceeding. Under these circumstances, petitioner's suggestion that the federal limitations period should be triggered only at the conclusion of state collateral proceedings is without merit. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (rejecting habeas petitioner's argument that limitations period did not begin until termination of state postconviction proceedings, and holding that the period instead commences "upon conclusion of direct review of a judgment of conviction").

Petitioner in this case further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schulp v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be dismissed.

Accordingly, it is

ORDERED that respondent's Motion to Dismiss (Docket # 4) be and is GRANTED, and this petition be and is DISMISSED WITH PREJUDICE, as time-barred.

This is a final order for purposes of appeal. To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this

Court expressly declines to issue such a certificate.

.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to counsel of record for respondent, and to close this civil action.

Entered this 3rd day of October 2011.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge